# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WANDA S. CLARK, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Id. No. 1803020096 |
| | ) | |
| STATE OF DELAWARE | ) | |
| | ) | |
| | ) | |
| Appellee. | ) | |

## ORDER

Submitted: August 15, 2022
Decided: November 10, 2022

### *Upon Appellee's Motion to Affirm – Notice to Show Cause Shall Issue*

Before this Court is a motion by the State of Delaware (hereinafter the "State") to affirm the conviction in the Court of Common Pleas (hereinafter the "CCP") of Wanda S. Clark (hereinafter "Appellant") for the offense of Driving Under the Influence. For the reasons set forth below, the Court finds *sua sponte* that Appellant's appeal should be dismissed as untimely.

## I.      Background

1.      On September 22, 2021, Appellant was convicted in the CCP of the offense of Driving Under the Influence of Alcohol,[1] and was sentenced to one year of level 5 incarceration, suspended for one year at level 2 probation, and ordered to complete a DUI course and to pay costs.[2]

---

[1] CCP Record, Tab 19.
[2] CCP Record, Tab 20.

1

2. Appellant appealed her conviction to this Court on October 21, 2021.[3] That filing was incomplete but was accepted by the Court to preserve the appeal date.[4] On November 15, 2021, Appellant filed the necessary service copies for the CCP and the Department of Justice (hereinafter the "DOJ").[5] The CCP was successfully served on November 26, 2021,[6] and filed the complete record with this Court on December 3, 2021.[7] However, return of service for the DOJ was not received by this Court until April 7, 2022.[8]

3. In a pleading styled as "Appellant's Opening Brief" and dated November 15, 2021, Appellant argues that she received ineffective assistance of counsel because her trial counsel failed to file a motion to suppress evidence obtained during the traffic stop leading to her DUI arrest. Appellant's brief argues that the stop was extended without reasonable suspicion and includes a copy of the police report.

4. On April 13, 2022, this Court issued a briefing schedule, specifying that Appellant's Opening Brief would be due on April 27, 2022, and that the State's Answering Brief would be due on May 17, 2022.[9] However, no new filings were made by either party by the deadlines in the briefing schedule.

5. On August 5, 2022, the State filed this motion to affirm Appellant's conviction, responding to the arguments raised in the November 15, 2021, opening brief. The State argues that this appeal is controlled by settled Delaware case law, holding that ineffective assistance of counsel claims cannot be heard on direct appeal, and that the appeal should therefore be summarily dismissed. The State

---

[3] D.I. 1.
[4] D.I. 2.
[5] D.I. 3.
[6] D.I. 5.
[7] D.I. 7.
[8] D.I. 11.
[9] D.I. 12.

further asserts that the motion to affirm is timely because the State was never served with an opening brief, and that even if the motion is held to be untimely, this Court has the authority to dismiss, *sua sponte*, a meritless appeal.

6.      The appeal was submitted to this Court on August 15, 2022.  This Court has jurisdiction to hear criminal appeals on the record from the CCP.[10]

## II.      Analysis

7.      At the outset, the Court is not persuaded that a motion to affirm a conviction is a proper pleading in an appeal from the CCP to Superior Court. Criminal appeals to this Court are governed by Superior Court Criminal Rule 39.[11] Prior to the year 2000, a Motion to Affirm could be brought in this Court in an appeal from the CCP pursuant to Delaware Superior Court Criminal Rule 39(c), which incorporates Superior Court Civil Rules 72 and 72.1.[12]  However, Superior Court Civil Rule 72.1, which provided for motions to affirm when, *inter alia*, the appeal was "clearly controlled by settled Delaware law,"[13] was deleted effective July 1, 2000.[14]  Both the Rules of the Delaware Supreme Court and the Rules of the CCP provide for motions to affirm in some criminal cases as a form of expedited procedure,[15] but the Court has identified no current provision in the rules providing

---

[10] Del. Const. art. 4, § 28 ("[T]here shall be an appeal to the Superior Court in all cases in which the sentence shall be imprisonment exceeding one (1) month, or a fine exceeding One Hundred Dollars ($100.00)."); 11 *Del. C.* § 5301(c) ("From any order, rule, decision, judgment or sentence of the [CCP] in a criminal action, the accused shall have the right of appeal to the Superior Court in and for the county wherein the information was filed as provided in § 28, article IV of the Constitution of the State.  Such appeal to the Superior Court shall be reviewed on the record and shall not be tried de novo.").

[11] The State's motion to affirm appears to rely instead on Superior Court Criminal Rule 37, which governs appeals from the Superior Court to the Delaware Supreme Court.

[12] *See e.g. Steelman v. State*, 1999 WL 1846455, at *1–2 (Del. Super. Nov. 30, 1999) (discussing the requirements for a motion to affirm a conviction pursuant to Superior Court Civil Rule 72.1).

[13] Super. Ct. Civ. R. 72.1 (2000).

[14] *See* Delaware Rules Annotated, June 2000 Supplement to the 2000 Edition, Volume 1, Reviser's Note to Super. Ct. Civ. R. 72.1 ("Rule 72.1 was deleted in its entirety by an order of the Superior Court dated March 16, 2000, and effective July 1, 2000.").

[15] *See* Supr. Ct. R. 25(a) ("**Motions to affirm in certain criminal cases.** Motions to affirm may

3

for a motion to affirm in criminal appeals from the CCP to Superior Court.

8. Nonetheless, irrespective of the State's Motion to Affirm, the Court concludes that the appeal was untimely filed. Superior Court Criminal Rule 39 provides that "[a]ll appeals to Superior Court shall be taken within 15 days from the date of sentence, unless otherwise provided by statute" and that "[a]n appeal may be dismissed for lack of jurisdiction or for failure to comply with a statutory requirement or rule or order of this court."[16] The statutory grant of jurisdiction to this Court to hear appeals from the CCP, 11 *Del. C.* § 5301, does not enlarge the time allowed to appeal, so the 15-day limit in the court rule controls. Appellant was sentenced on September 22, 2021; therefore, the deadline to appeal was 15 days later, i.e., by October 7, 2021. The appeal in this Court was not filed until October 21, 2021, and is thus untimely. The Court lacks jurisdiction to hear an untimely appeal on its merits, and the appeal should therefore be dismissed.[17]

9. Pursuant to Superior Court Criminal Rule 39(c) and Superior Court

---

be filed in appeals of criminal matters other than direct appeals of convictions after trial and timely first motions for postconviction relief under Superior Court Criminal Rule 61 when there was a conviction after trial."); Ct. Com. Pl. Civ. R. 72.2(b) ("**Motion to Affirm.** Within 10 days after receipt of appellant's opening brief, appellee may, in lieu of a brief, serve and file a motion to affirm the order, award, determination, or decree or part thereof appealed from."). Similar to Superior Court Criminal Rule 39(c), Court of Common Pleas Criminal Rule 39(c) incorporates specific civil rules, Court of Common Pleas Civil Rules 72.1 and 72.2, for on-the-record criminal appeals.

[16] Super. Ct. Crim. R. 39(a) and (h); *see also Maniscalco v. State*, 124 A.3d 583, 2015 WL 5440229, at *1 (Del. 2015) (TABLE) ("The appellant's notice of appeal should have been filed in the Superior Court within fifteen days of his sentencing.").

[17] *See Jarrell v. State*, 2015 WL 5765483, at *1 (Del. Super. Sept. 28, 2015) ("When an appeal is untimely, the Court lacks jurisdiction to hear the appeal on its merits and the appeal should be dismissed."); *Kostyshyn v. State*, 3 A.3d 1097, 2010 WL 3398942, at *1 n.6 (Del. 2010) (TABLE) ("[T]he timely filing of a notice of appeal, whether in the Supreme Court or the Superior Court, is mandatory and jurisdictional."); *cf. Augusiewicz v. State*, 2009 WL 2852554, at *6 (Del. Super. Aug. 31, 2009) (explaining that the Superior Court has the "power to limit its appellate jurisdiction" through procedural rules and concluding that "[b]y requiring the filing of the notice of appeal within 15 days of the date of sentence, [Rule 39] necessarily excludes appeals from interlocutory orders in cases in which no sentence has been imposed.").

Civil Rule 72(i), the Court concludes *sua sponte* that dismissal is appropriate. As required by Rule 72(i), the Prothonotary "shall forward to the appellant a notice directing that [s]he show cause why the appeal should not be dismissed" as untimely.[18]

**WHEREFORE,** for the reasons stated above, the Court finds that the appeal was untimely filed. The Prothonotary will forward a notice to the Appellant pursuant to Rule 72(i) directing her to show cause, within 10 days of receipt of the notice, why the appeal should not be dismissed. Should she fail to respond within 10 days, the Court will dismiss her appeal.

**IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge


NEP/tls
oc:    Prothonotary
cc:    Wanda S. Clark, *Pro Se - Via U.S.P.S Mail*
       Stephen R. Welch, Jr., Esquire, Deputy Attorney General - *Via Email*

---

[18] Super Ct. Civ. R. 72(i).